# HENRY YAEGER
## V.
## THE CITY OF HENRY.

*Jurisdiction—Absence of Bill of Exceptions—Presumptions in Favor of Judgment.*

1. Where a party appears and submits himself to the jurisdiction of the court it is of no importance whether the summons was void or not, or whether in fact there was any process at all.

2. In the absence of a bill of exceptions an appellate court will presume that every fact necessary to bring the case within the jurisdiction of the court and establish a cause of action was proven on the trial.

[Opinion filed December 8, 1890.]

APPEAL from the Circuit Court of Marshall County; the Hon. T. M. SHAW, Judge, presiding.

Mr. FRED S. POTTER, for appellant.

Mr. T. F. CLOVER, for appellee.

UPTON, J.   In this case upon motion of counsel for appellee, the bill of exceptions filed herein was stricken from the record.   Appellant now seeks to reverse the judgment below for alleged error manifest upon the face of the record.

Those errors are :

1st.   That the trial court did not acquire jurisdiction of the person of the defendant.

2d.   The court erred in trying the cause and entering judgment therein, without issue being joined.

3d.   The court erred in trying the case without a jury.

4th.   The court erred in trying the case at all.

The record recites that the appellant came by his attorney, and agreed to, and did, submit his case to the court below for trial

without a jury. The record further shows that the case was in fact tried by the court without a jury. It recites that the parties to the suit "came by their respective counsel, and the court having heard the evidence and arguments of counsel, found the defendant guilty," etc. The Supreme Court held in Baldwin v. Murphy, 82 Ill. 485, when a party appears and submits himself to the jurisdiction of the court, it is a matter of no consequence whether the summons was void or not, or even whether there was in fact any process at all It is a rule of general application that in the absence of a bill of exception showing all the evidence in the case, it will be presumed in support of the judgment that there was sufficient evidence before this court to warrant it. Wilson v. McDowell, 65 Ill. 522; Treischel v. McGill, 28 Ill. App. 78. It was held, in the absence of a bill of exceptions preserving the evidence, the Supreme (or Appellate) Court *will presume* that every fact necessary to bring the case *within the jurisdiction of the court and establish a cause of action, was proven, and established on the trial.* See Tug Boat E. P. Dorr v. Waldron, 62 Ill. 222; Goodrich v. City of Minonk, 62 Ill. 122; Davis v. Taylor, 41 Ill. 407. In Rich v. Hathaway, 18 Ill. 548, it was held, that all intendments will be in favor of the legality of the proceedings in courts of general jurisdiction, where it depends upon matter of fact, unless the existence of such facts is denied and shown by bill of exceptions. To the same effect is Graham v. Dixon, 3 Scam. 115. It is apparent therefrom, there being no bill of exceptions, under the legal presumptions attaching to judgments of the character before us, we must presume in favor of appellee, and the proper and legal action of the trial court and the judgment below must be affirmed.

*Judgment affirmed.*