## James M. Stryker et al. v. John B. Pendergast.

1.  PRACTICE—*Where Exceptions Are Not Preserved.*—Where no exceptions are preserved to evidence or rulings in the trial court they can not be considered in this court.

2.  SAME—*Judgment Not Reversed for Technical Error.*—A judgment for damages in an action of debt will not be reversed merely for a technical error.

3.  PROCESS—*Effect of Technical Defects After Party Has Submitted Himself to the Jurisdiction of the Court.*—Technical defects in the summons are of no consequence after a party has submitted himself to the jurisdiction of the court, since the only use of process is to bring parties into court.

Debt.—Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed January 16, 1903.

HENRY W. MAGEE, attorney for appellants.

WILLIAM H. DICKSON, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This suit is brought upon a bond, the condition of which required appellant Stryker to pay over to appellee all sums of money received by him for appellee, or for the insurance company of which both were agents. Appellee sued originally in covenant, but subsequently filed a declaration in debt, and afterward obtained leave of court to change the form of the action. An order was entered so amending all papers in the cause.

Appellants' demurrer to the first of the two counts in debt was sustained, and issue having been joined on the second count, the cause proceeded to trial and judgment. No exceptions appear to have been taken, certainly none are preserved of record. We are precluded, therefore, from considering the sufficiency of the evidence to support the judgment; nor can we consider the rulings on motions since no exceptions whatever appear to have been taken to any ruling of the court. Wehrheim v. The Thiel Detective Co., 87 Ill. App. 565.

Technical defects in the summons are of no consequence after a party has submitted himself to the jurisdiction of the court, since "the only use of process is to bring parties into court." Baldwin v. Murphy, 82 Ill. 485. The court had power to allow an amendment changing the form of the action. (Sec. 24, Practice Act, Chap. 110.) Any informality in the entry of the orders without objection must be deemed to have been waived.

It is said judgment was entered in assumpsit. The abstract does not show the form of the verdict nor that of the judgment. No exception having been taken to the form of entry of the verdict nor to the denial of the motion for a new trial and in arrest of judgment, the question was not raised in the trial court pursuant to section 57 of the practice act, and it can not be here. A judgment for damages in an action for debt will not be reversed for such technical error (Bowden v. Bowden, 75 Ill. 111), if indeed there was such error, which the abstract of record before us fails to show. The judgment of the Superior Court is affirmed.