## David Rosenbleet v. Sallie W. Rosenbleet.

1. Jurisdiction—*when question of, as to person, waived.* The juris-
diction of the court as to the person of the defendant cannot be ques-
tioned on appeal where such defendant has demurred to and answered
the bill of complaint in the cause.

2. Separate maintenance—*when proceeding for, cannot be main-
tained.* A proceeding for separate maintenance cannot be successfully
maintained where it does not appear that the wife is living separate
and apart from her husband without her fault.

3. Cross-bill—*essential to granting of affirmative relief.* A cross-
bill is, ordinarily, essential to the granting of affirmative relief.

4. Decree—*upon what, must be predicated.* A decree must be pred-
icated upon the allegations made and the relief sought.

Bill for separate maintenance. Appeal from the Circuit Court of
Jefferson County; the Hon. Enoch E. Newlin, Judge, presiding. Heard
in this court at the February term, 1905. Reversed and remanded with
directions. Opinion filed September 8, 1905.

R. A. Jones and Robert M. Farthing, for appellant.

E. B. Green and William H. Green, for appellee.

Mr. Justice Myers delivered the opinion of the court.

This was a proceeding by bill in chancery brought by
appellee against appellant for separate maintenance and to
establish complainant's right of property and possession in
and to a certain promissory note of $10,000 made payable
to the order of appellant, and held by him under claim of
ownership.

The complainant represents that she is a resident of Jef-
ferson County, Illinois; that she was married to the defend-
ant, David Rosenbleet, September 26, 1894, and lived with
him until January 13, 1904, when he deserted her without
her fault, and has since refused to support her. Represents
that during the time they lived together she labored with
her husband in their store and placed in his hands jointly
with herself her capital in order to establish a business and
make their fortune. Represents further that at the time of
their marriage her husband had no means and to start the

Rosenbleet v. Rosenbleet.

business of selling goods she was compelled to invest her own means in merchandise; that on her husband's request and suggestion the business was conducted in his name, though he did not invest a dollar; that they both worked at said business, she as a bookkeeper and saleswoman and he only as a salesman; that by their united efforts and with the addition of her capital they built up a profitable business and accumulated considerable capital; that out of the profits of the business they loaned considerable money from time to time to complainant's brother, David B. Greenwald, which, with accrued interest amounted to the sum of $10,000, for which he gave his note; that by mistake the said note was taken in the name of her husband, when in fact it belonged to complainant, and should have been given in her name; that afterwards she demanded possession of the note and that her husband gave it to her; that the said note remained in her possession until the latter part of December, 1903, when without her knowledge or consent her husband broke into her private box and from among her private papers took said note and since that time has retained possession of it against her wishes and protest. Complainant makes her husband and D. B. Greenwald parties defendant and prays for decree of separate maintenance, that her husband may be required to surrender possession of the note, that the title thereof be declared to be in the complainant; that defendant Greenwald be enjoined from paying said note to her husband, and closing with a general prayer for relief.

The questions as to service and jurisdiction of the person of appellant, raised by motion to quash under special appearance, are passed without comment for the reason that appellant afterwards first demurred and then answered the bill, the effect of which was to waive the motion and submit to the jurisdiction of the court over the person of appellant. By demurrer and by answer the right of complainant to relief in equity is denied as to all that part of the bill relating to the promissory note of $10,000, on the ground that complainant has an adequate remedy at law.

By his answer appellant denies generally and specifically every material allegation of the bill upon which relief is claimed. Denies that complainant at the time of their marriage was possessed of money or other property or that she brought him any money or property of any kind, or that he ever used any property of her's in his business or otherwise. Denies that she ever had any interest in his business. Denies that the Greenwald note belongs to complainant or that she is entitled to any interest therein or that the money loaned to said Greenwald, or any part thereof, and evidenced by said note, belonged to complainant, and denies that he ever said, did or promised anything to complainant or any one else indicating that she was the owner of the note or had any interest in it. Denies that he ever delivered the note to complainant or took it away from her as alleged in the bill. Avers that the note and the money due thereon belongs to him and that no one else has any interest in it. Denies that either complainant or himself is a resident of Jefferson county, Illinois, and denies that he abandoned or deserted the complainant in said county and State or elsewhere and challenges the jurisdiction of the court to try this cause. Defendant David B. Greenwald was defaulted. Replication was filed and upon final hearing the court rendered a decree in favor of complainant finding that the defendant wilfully and wrongfully deserted the complainant, and that when the bill was filed she was living separate and apart from him without her fault. Also finding, that the amount due on the Greenwald note, $10,464.54, was the fruit of the joint earnings and efforts of complainant and the defendant, her husband; that in the start complainant put $700 into the business, and that this was all of the original capital; that there is now due to complainant out of the amount due upon said note the sum of $5,601.40, and to defendant David Rosenbleet, the sum of $4,868.14. It is ordered and decreed that judgment be entered against defendant D. B. Greenwald in favor of complainant for $5,601.40, and in favor of the defendant Rosenbleet for $4,868.14. The decree orders pay-

ment of $300 December 1, 1904, $100 January 1, 1905, and
$100 on the first day of May, September and January
thereafter for maintenance of complainant, and enjoins
David Rosenbleet from collecting the said note. The rec-
ord is brought to this court by appeal, and numerous errors
assigned as grounds for a reversal of the decree. We have
carefully examined the record, read the abstract, which
counsel for appellee justly observes is little short of a com-
plete transcript of the evidence, and have reached conclu-
sions adverse to appellee upon material questions presented
in argument. Ostensibly this was a proceeding under the
statute by bill in equity for separate maintenance and it
must be so treated. Only to the extent that the facts al-
leged and the relief prayed for are, connected with and in-
cidental to the main purpose, that of separate maintenance
of the wife by the husband, may such facts be considered
or relief granted. In giving a remedy in equity by which
the wife may enforce her right to separate maintenance the
statute has fixed the purpose and scope of inquiry. To ob-
tain a personal decree against the husband for a necessary
allowance and subject his property to its timely payment
according to the order of the court, is all that may properly
be sought or obtained by this proceeding. Unless appellee
has established her right to separate maintenance she is
without standing in court and her bill should have been
dismissed. " To maintain her bill it was necessary for the
complainant to show, not only that she had good cause for
living separate and apart from her husband, but also that
such living apart was without her fault * * *. The
'fault' here meant and contemplated, is a voluntary con-
senting to the separation, or such failure of duty or miscon-
duct on her part as materially contributed to the disruption
of the marital relations. If she leave the husband voluntar-
ily or by consent, or if her misconduct has materially in-
duced the course of action on the part of the husband upon
which she relied as justifying the separation, it is not without
her fault, within the meaning of the law." Johnson v. John-
son, 125 Ill. 510. The law here announced is in complete

harmony with all the other decisions of our Supreme Court and Appellate Courts so far as we are acquainted or our attention directed. Applying these propositions to the facts in the case at bar, we are constrained to hold that the material allegations of the bill are not supported by the evidence and for want of such necessary proof that the decree of the Circuit Court was not authorized. From aught that appears in the evidence, the alleged separation, his leaving her in Mt. Vernon with her sister with whom they lived and were keeping house, seems to have been by mutual consent and understanding and without any purpose on his part or suspicion on hers that it was a desertion or abandonment. Outside the dispute as to the possession of the Greenwald note, to be considered further on, there was no fact or circumstance appearing even to suggest a rupture of the marital relation or from which may be inferred that either party wished a permanent separation. During ten years, the period of their married life, they lived, worked and prospered together, seemingly, in perfect harmony and understanding until the matter of collecting or extending the time of payment of the note of $10,000 given to appellant by appellee's brother for money loaned. The money evidenced by this note was the savings or profit of several years' business in selling merchandise, in which it is shown that appellant had the open and undisputed legal title, possession, control and management of all the property from the start and during the entire period until the business was closed out. The note in controversy was made payable to appellant and was due January 15, 1904, and was signed by David Greenwald, appellee's brother. Before the note fell due Greenwald asked an extension of time. Appellant insisted upon payment for the reason stated, that he wanted the money to again go into business and thought the money was not secure if payment were postponed. Appellee contended in behalf of her brother for an extension of time. Appellee then made claim that the note was her property, that the money for which it was given and all the capital, property and business so long

under the control and in the name of the appellant was her sole, individual and separate property.   She testifies that appellant, at no time, had any share or interest in any of the property or profits of the business represented by the ten thousand dollar note.   This is the first and only matter of controversy that came up during their married life and this developed shortly before the note fell due and when its payment or extension of time was under consideration.   We are not disposed now to discuss the merits of appellee's claim to the note further than her conduct respecting its payment bears upon the allegation that she was living separate from her husband without fault on her part.   She testifies that after he went to St. Louis in January, 1904, he wrote four letters in two weeks, all of which she answered.   The character and purport of this correspondence is not given except so far as may be inferred from one of his letters introduced by appellee.   It was introduced for the purpose of showing appellant's acknowledgment of her claim to the note.   It has considerable bearing upon another very material question in this case.   The tone of the letter throughout is that of kindly consideration and concern for appellee.   Appellant is looking forward to the time when, through the only means available, the payment of the note, they may again be together and to themselves. He mildly reproaches her with the fact that they are without a home.   When she and her father went to see him in March, he told them that he had no means, was unable to work, and could not support his wife until he got some money out of the note.   And this, according to the testimony of appellee and her father, was the truth.   From the very necessity of the situation, well understood and accepted by both, appellant was without means and for that reason alone did not contribute to her support.   His failure to do so under the circumstances is not evidence of desertion. So far as their living apart was affected by the unfortunate controversy about the ownership of this note and its collection, it may be said without undertaking to decide the merits of their respective claims, that the appellee was

not without fault. Upon her own showing and by her wish and consent it must be, so far as disclosed by the evidence, this note was made payable to appellant with the sole legal title and right to collect, and nothing appears why her confidence in his judgment and fidelity respecting her business (as she claims) for so many years should be so suddenly and inopportunely withdrawn. They needed the money and the home and prospects for the future were jeopardized for want of it. Whatever the merit of her contention, she was not without fault which contributed to the disagreement. The appeal may be disposed of upon this finding, but having considered all the errors assigned we refer briefly to one or two other points discussed in argument. The relief granted by the decree respecting the note is not within the allegations of the bill, the prayer for relief or the evidence. Appellee claimed sole ownership of the note and introduced evidence upon that theory alone. There is no claim or evidence of a partnership agreement, or of the principal elements of the partnership relation, that of sharing in the profits and losses. All parties denied joint ownership, so that that finding in the decree was outside the pleadings and without evidence to support it. Even with the finding that appellee and appellant were joint owners of the note, there was no authority in law to divide the cause of action against Greenwald and enter judgment against him for the respective shares of the other parties. This was not within the scope or purpose of the bill nor within the special or general prayer for relief. Affirmative relief was given to the appellant without any claim by him by cross-bill or otherwise and without any issue in the pleading to warrant it. In this connection it may be stated that appellee does not claim the note by reason of a gift *inter vivos* or because of a resulting trust, or that the money she advanced for the business was due from her husband upon promise expressed or implied to pay it back. Nothing of this kind. Her sole and only claim is that the note and all the property and labor of herself and husband represented by it, is her separate

property, and that her husband has no interest in it. The finding of the court that appellant and appellee were joint owners of the note, was in effect to find against the complainant in the bill upon the question of ownership. Ohling et al. v. Luitjens, 32 Ill. 23; Clinnin et al. v. Raugh et al., 88 App. 371. In a chancery suit, proof without corresponding allegations in the bill are just as unavailing to a party as allegations without proof. Bremer et al. v. C. & C. Canal and Dock Co., 123 Ill. 104. Although a good case may appear in the evidence, yet if it be variant from that stated in the bill, the bill will be dismissed. It is a fundamental rule of equity pleading, that the allegations of a bill, the proof and decree must correspond. McKay v. Bissett et al., 5 Gil. 499; Lang v. Metzger, 206 Ill. 475; 16 Cyc. 483. In view of the foregoing opinion and observations touching the matters in controversy, it follows that the decree of the Circuit Court must be reversed and the bill dismissed for want of equity. This we do without prejudice to appellee's right to proceed at law or in equity, as she may determine, for relief respecting her property rights.

Decree reversed and remanded with directions to the Circuit Court to dissolve the injunction and dismiss the bill for want of equity, but without prejudice to the right of complainant to proceed at law or in equity for relief respecting her property rights.

*Reversed and remanded with directions.*