JULIUS F. TAYLOR, Appellant, vs. FRANK MARSHALL, et al.
Appellees.

*Opinion filed October 26, 1912.*

1. LEASES—*when instrument will operate as an assignment of lease.* Where all of the lessee's interest is transferred by an instrument which is in terms a lease the instrument will operate as an assignment notwithstanding words of demise instead of assignment are used, and notwithstanding the reservation of rent and a right of re-entry on non-payment of rent or non-performance of the other covenants.

2. SAME—*after assignment the lessee does not have a leasehold interest.* After assignment of a lease the original lessee does not have a leasehold interest, such as is subject to levy and sale on execution, within the meaning of section 3 of the act concerning judgments, decrees and executions, as his interest, after assign-ment, is one growing out of contract and is not an interest in the demised premises; and it is immaterial that the original lease contained a covenant against sub-letting or assignment without the consent of the lessor.

3. CLOUD ON TITLE—*when sheriff's deed is properly set aside.* Where a lessee assigns his lease before the recovery of a judgment against him, his interest, even though the instrument evidencing the assignment is in terms a lease and reserves rent, is not subject to levy and sale as a leasehold estate; and if the sheriff's deed purports to convey the whole title, the owner of the premises, who has forfeited the original lease for non-payment of rent and regained possession, is entitled to have it removed as a cloud.

APPEAL from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding.

A. D. GASH, for appellant.

EDWARD H. MORRIS, PARK PHIPPS, and JOHN L. BO-LEN, (MARTIN J. ISAACS, of counsel,) for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

Julius F. Taylor, the appellant, filed his bill in the circuit court of Cook county against Frank Marshall, William Marshall, Myrtle Ryan and Charles Leight to enjoin them

255 — 35

from conducting a house of ill-fame in certain premises in the city of Chicago known as 171, 173 and 175 Twenty-first street. By his bill he alleged that Elnoria H. Fowler was the owner in fee of the real estate, and that on July 15, 1905, she leased the premises to Pony Moore for a term ending on April 30, 1915, for a rental of $100 per month; that on November 18, 1905, Moore leased the entire premises to Joseph Marshall until April 30, 1915, the full term of his leasehold, for a monthly rental of $150; that Joseph Marshall thereafter assigned his lease to Frank Marshall; that on January 17, 1907, appellant secured a judgment in the circuit court of Cook county against Pony Moore, upon which an execution was issued and levied upon the interest of Moore in the real estate in question; that the premises were sold under such execution and a sheriff's deed issued to appellant, and that he is now the owner of the leasehold interest of Moore; that the property is in the possession of the Marshalls and is being used as a house of ill-fame and will continue to be so used unless the defendants are restrained. Elnoria H. Fowler by leave of court became a party defendant and filed her answer, alleging that the sheriff's deed to appellant was void and created a cloud on her title; that there had been a default in the payment of the rent reserved in her lease to Moore in the months of March and April, 1910; that she had declared a forfeiture of the lease and obtained possession on April 15, 1910, and afterwards leased the premises to Charles Leight. She also filed her cross-bill, setting up the same matter contained in her answer, and asked to have the sheriff's deed to Taylor set aside and removed as a cloud on her title. Issues were joined on the answers to the bill and cross-bill, and upon a hearing the court found that there had been a default in the payment of rent for the months of March and April, 1910; that a forfeiture had been declared and that Mrs. Fowler had regained possession of the premises by reason of the

forfeiture, and entered a decree dismissing appellant's bill for want of equity and granting the relief prayed by Mrs. Fowler in her cross-bill. This appeal followed.

A number of grounds for reversal have been assigned, but it will not be necessary to consider them, for a determination of one question which lies at the very threshold of the case is decisive of the whole matter. That question is whether Pony Moore had such an interest in the premises as was subject to levy and sale under execution.

Section 1 of the act relating to judgments and decrees provides that a judgment of a court of record shall be a lien on the real estate of the person against whom it is obtained. Section 3 of the act contains a definition of real estate, in which a leasehold estate, when the unexpired term exceeds five years, is defined as real estate, as that term is used in the act. In legal contemplation a leasehold estate is an interest in or concerning lands. (*Chicago Attachment Co.* v. *Davis Sewing Machine Co.* 142 Ill. 171.) The lease from Mrs. Fowler to Moore created in Moore a leasehold estate. Prior to the time appellant recovered his judgment against Moore the latter had executed a lease to Joseph Marshall, whereby the premises were transferred to Marshall for the full term of the lease from Mrs. Fowler to Moore. The instrument by which this transfer was made was, in terms, a lease, but it was, in effect, an assignment by Moore of his leasehold estate to Marshall. Where all of the lessee's estate is transferred the instrument will operate as an assignment notwithstanding that words of demise instead of assignment are used, and notwithstanding the reservation of rent and a right of re-entry on the non-payment of rent or the non-performance of the other covenants contained in it. (Wood on Landlord and Tenant, sec. 330; *Sexton* v. *Chicago Storage Co.* 129 Ill. 318.) After the transfer from Moore to Marshall there was no longer existing a privity of estate between Moore and Mrs. Fowler, but by the assignment and the acceptance

of rent by Mrs. Fowler from the assignee a privity of estate was created between Mrs. Fowler and Marshall, the assignee. The only relation then existing between Moore and Mrs. Fowler in reference to the property was based upon privity of contract, alone. The interest that Moore then had in the lease by virtue of his reservation of rent in the assignment to Marshall does not constitute a leasehold interest within the meaning of section 3 of the act in regard to judgments and decrees. After assignment the lessee does not have a leasehold estate, for his interest is then one growing out of contract and is not an interest in the premises demised. It is immaterial that there was a covenant in the original lease against sub-letting or assigning on the part of the lessee without the consent of the lessor. A covenant against assignment is for the benefit of the lessor and can be availed of only by him. (Wood on Landlord and Tenant, sec. 323; *Smith* v. *Goodman*, 149 Ill. 75; *Sexton* v. *Chicago Storage Co. supra*.) The sheriff's deed conveyed nothing to appellant. As that deed purported to convey the whole title, the court properly held it void and a cloud upon Mrs. Fowler's title.

As appellant has not shown any pecuniary loss or injury or that any of his property rights are affected he is not entitled to maintain this bill. "It is no part of the mission of equity to administer the criminal law of the State or to enforce the principles of religion and morality, except so far as it may be incidental to the enforcement of property rights, and perhaps other matters of equitable cognizance.—High on Injunction, sec. 23." *Cope* v. *Fair Association of Flora*, 99 Ill. 489.

The decree of the circuit court is affirmed.

*Decree affirmed.*