## Mary Szulerecki, Appellee, v. Julius Oppenheimer, Appellant.

### Gen. No. 25,222.

1. FORCIBLE ENTRY AND DETAINER, § 64*—*when process is unimportant.* The municipal court of Chicago having been expressly given jurisdiction of forcible detainer cases by section 2 of the Municipal Court Act (J. & A. ¶ 3314), where the defendant in such an action, without questioning the mode or process by which he was brought before that court, submitted to its jurisdiction, the process is unimportant.

2. PROCESS, § 78*—*when defects of process are waived.* A defendant appearing and defending upon the merits before a court having jurisdiction of the subject-matter waives any objection to the original process.

3. FORCIBLE ENTRY AND DETAINER, § 60*—*when description of premises is sufficiently alleged.* Where the venue of the complaint in a forcible detainer proceeding is laid in the "State of Illinois, City of Chicago," and plaintiff proceeds to complain that she is "entitled to the possession of the following described premises in said city, to-wit: 4708 South Ashland Avenue," the location of the premises is sufficiently designated as in the City of Chicago.

4. FORCIBLE ENTRY AND DETAINER, § 60*—*when description of premises is sufficient for restitution.* In a forcible detainer suit the complaint and proof examined and *held* to designate the premises with sufficient certainty to enable the officer executing the writ of restitution, awarded on the judgment for "possession of the premises described in the complaint," to identify them with certainty.

Appeal from the Municipal Court of Chicago; the Hon. BERNARD P. BARASA, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Affirmed. Opinion filed July 14, 1920.

ROSENTHAL, HAMILL & WORMSER, for appellant; LESSING ROSENTHAL and HARRY MARKHEIM, of counsel.

AUSTIN J. ROONEY and DANIEL RILEY MCMASTER, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This is an appeal from a judgment entered in a forcible detainer suit brought in the municipal court of Chicago to recover possession of premises leased by appellee to appellant. The case was tried without a jury. Error is urged in the court's denying defendant's motion at the conclusion of the evidence to find for the defendant, and overruling the motion in arrest of judgment.

Appellant's first contention is that the municipal court was without jurisdiction to entertain a case of forcible detainer. While section 2 of the Municipal Court Act (J. & A. ¶ 3314) expressly confers upon said court jurisdiction of forcible detainer actions, it is urged that, as the amendment of June 25, 1917, to section 48 of said Act (Callaghan's 1920 Stat. ¶ 3360), which before amendment prescribed the procedure as to the issuance of summons, entirely omits any provision governing the issuance, return or service of the "writ and summons" in such a case, the court is without authority to entertain actions of that character. A summons was issued in the case at bar in a form analogous to other cases of the municipal court, and after service of the same on defendant he entered his appearance and went to trial. Appellee urges that the issuance and service of the summons were in accord with the provision of the first paragraph of section 48, that the practice and proceedings in that class of cases "shall be the same, as near as may be, as that which is now prescribed by law for similar cases in courts of record." Appellant's reply to this contention is that the practice under the Forcible Detainer Act is inconsistent with the organization and procedure of the municipal court, which has no stated terms. As, however, the court is expressly given jurisdiction in that class of cases, and defendant, without questioning the mode or process by which he was brought

before it, submitted his person to its jurisdiction, we need not discuss the precise method of procedure resorted to.  It is of no importance whether there was any process at all so long as the court had jurisdiction of the subject-matter, and appellant appeared and submitted himself to its jurisdiction (*Grier v. Cable,* 159 Ill. 29; *Central Elevator Co. v. People,* 174 Ill. 203; *Yaeger v. City of Henry,* 39 Ill. App. 21; *Stryker v. Pendergast,* 105 Ill. App. 413), and defendant by appearing and defending upon the merits waived any objection to the original process. (*Hercules Iron Works v. Elgin, J. & E. Ry. Co.,* 141 Ill. 491; *Rosenbleet v. Rosenbleet,* 122 Ill. App. 408.)

It is next urged that the description of the premises in plaintiff's complaint is defective, that the premises cannot be readily identified thereby, and also that the proof failed to show that the premises involved are within the City of Chicago, and county of Cook, and that, therefore, the jurisdiction of the court has not been established.

We do not think the record sustains these contentions.  The venue of the complaint is laid in the "State of Illinois, City of Chicago," and the plaintiff proceeds to complain that she is "entitled to the possession of the following described premises in *said city,* to-wit: 4708 South Ashland Avenue." This was sufficient to designate the location of the premises as in the City of Chicago.

As to the proof, it appears from the lease introduced in evidence that the premises demised were in the City of Chicago and known and described as follows: "The entire first floor and basement of the three-story brick building known as No. 4708 South Ashland Avenue." With this lease before the witnesses it was testified that defendant took possession "of the premises" under that lease, and was still in possession, that the building "on the premises" was destroyed by fire and another was erected by the plaintiff "on the prem-

ises'' of which he was still in possession, claiming under the lease. To render these facts more certain, defendant's own counsel, who said he was going to ''put it all in one question,'' asked his client if certain facts recited in the question were correct, to which the answer was in the affirmative. In that question he expressly referred to the building in the lease as ''the three-story brick building, known as No. 4708 South Ashland Avenue, in Chicago, Illinois, and the fact that it was destroyed by fire and that plaintiff erected a new building on the premises, or to restore the building then on the premises,'' and that he had ''had possession of this new building standing upon the premises 4708 South Ashland Avenue ever since.''

The evidence tended clearly to show that the premises of which defendant retained possession included the land on which both the old and new buildings stood (*Szulerecki v. Oppenheimer,* 283 Ill. 525), which had a frontage of only 24 feet, and that said premises, including both the land and buildings, were known and described as 4708 South Ashland Avenue. We think, therefore, that both the complaint and proof designated the premises as not only in Chicago, but with sufficient certainty to enable the officer executing the writ of restitution, awarded on the judgment for ''possession of the premises described in the complaint,'' to identify them with certainty. Accordingly the judgment will be affirmed.

*Affirmed.*

MR. JUSTICES GRIDLEY and MATCHETT concur.