(No. 13635.—Judgment affirmed.)
MARY SZULERECKI, Appellee, *vs.* JULIUS OPPENHEIMER, Appellant.

*Opinion filed June 22, 1921—Rehearing denied October 5, 1921.*

1. FORCIBLE DETAINER—*Municipal Court act gives jurisdiction to that court in forcible detainer suits.* The municipal court of Chicago has jurisdiction of forcible detainer suits under the Municipal Court act as amended in 1917.

2. WORDS AND PHRASES—*expression "service of summons, practice and proceedings" includes service of process.* The words "service of summons, practice and proceedings," used in a statute prescribing the form of proceeding in a certain class of cases, are broad enough in meaning to cover the entire process of issuing, executing and returning of summons, and, if necessary, the form of the summons.

3. PLEADING—*when description of property is sufficient in statement of claim in municipal court.* In a suit for forcible detainer in the municipal court a description of the property in the complaint by reference only to the street and number, city, county and State is a sufficient description, and includes the building and the lot on which the building is situated.

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. BERNARD P. BARASA, Judge, presiding.

ROSENTHAL, HAMILL & WORMSER, (LESSING ROSENTHAL, and HARRY MARKHEIM, of counsel,) for appellant.

AUSTIN J. ROONEY, and DANIEL RILEY McMASTER, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:.

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment of the municipal court of Chicago in a forcible detainer suit. Appellee filed her complaint in the municipal court against

Julius Oppenheimer, the appellant, claiming that she is entitled to the possession of premises in Chicago known as 4708 South Ashland avenue, and that appellant unlawfully withholds possession thereof from her. Summons was issued out of the court and appellant entered his appearance by his attorney. A trial was had before the court without a jury. The court found that the premises were unlawfully withheld from appellee and entered judgment accordingly. On appeal to the Appellate Court the judgment was affirmed, and a certificate of importance was issued and an appeal granted to this court.

Appellee leased to appellant by a written lease "the entire first floor and basement of the three-story brick building known as 4708 South Ashland avenue, in Chicago, Cook county, Illinois," from May 1, 1908, to April 30, 1918. The lease contained this clause: "In the event that said demised building, or any part thereof, shall be rendered untenantable by fire or other casualty, or be damaged, condemned or taken by the public authorities, the lessor shall, and agrees to, restore the same within ninety days after any such loss, damage or destruction, and the lessee shall not be obliged to pay rent for the part of the demised premises rendered untenantable while the same are not tenantable. In the event of the lessor's failure to restore the same, as aforesaid, the lessee may at his option, but without prejudice to his other rights, terminate this lease." The leased premises were used by the appellant, in connection with the adjacent building, for a department store. On December 24, 1914, while occupied by the appellant, the buildings were destroyed by fire, and nothing remained of the premises leased to him but the basement and a small part of the north and south walls. During the following year he erected a one-story building on the lot where the three-story building had formerly stood, and continued to conduct his department store thereon without payment of rent until this complaint was filed, May 3, 1918, after notice

had been given him to surrender the premises and his refusal so to do.

Three defenses are made in this court by the appellant for our consideration: (1) The municipal court, since the amendment of section 48 of the Municipal Court act in 1917, is without jurisdiction to entertain an action of forcible entry and detainer; (2) the description of the property in the complaint is fatally deficient; (3) if the municipal court had jurisdiction of forcible detainer, still the evidence does not show the premises to be recovered are within the city of Chicago, county of Cook, and the court was without jurisdiction on that ground.

The jurisdiction of the municipal court is first challenged upon the ground that the Municipal Court act, since the amendment of sections 40, 42 and 48, makes no provision for the process in forcible detainer suits, but, on the contrary, expressly excludes such suits from the operation of the section which provides generally for process in cases of the fourth class. This is a misapprehension of the provisions of said sections. It is conceded that section 2 of the Municipal Court act gives jurisdiction of all actions of forcible detainer, but appellant argues that as the court has no authority to issue summons in such cases it is without jurisdiction of the subject matter of such suits.

Section 40 aforesaid provides that every case of the fourth class mentioned in section 2 of the act, excepting forcible entry and detainer suits and other suits therein specified, brought in the municipal court, shall be commenced by the filing by the plaintiff with the clerk of a *præcipe* for summons, specifying the names of the parties to the suit, the amount of plaintiff's claim, the day at which the summons shall be returnable, etc. That section further provides as to the day on which the summons shall be made returnable, not less than five nor more than fifteen days from the filing of the *præcipe,* and then proceeds to specify what shall be the nature and contents of plaintiff's claim.

Section 42 of the act provides that every such summons shall be served upon the defendant by the same methods and in the same manner as if the summons had issued out of the circuit court and specifies who shall serve it and directs the officer as to his duty in making return of the summons.·

Section 48 of the act specifically provides that the practice and proceedings in the municipal court in cases of forcible entry and detainer and certain other actions shall be the same, as near as may be, as that which is now prescribed by law for similar cases in other courts of record, excepting the mode of trial and the proceedings subsequent to the trial, and then follow other specific exceptions. The first exception of those following as to forcible entry suits is, that no statement shall be necessary in such suits and that the complaint in a forcible detainer suit shall be the only pleading required. In the concluding part of the section is another exception as to the practice in forcible detainer suits, in this language: "In forcible detainer cases the plaintiff may unite·with his claim for possession of the property any claim for rent or damages for withholding possession of the same, and in such cases the service of summons, practice and proceedings shall be as provided by this act for fourth-class cases regardless of the amount of such claim for rent or damages, except that where such amount exceeds $1000 the costs shall be as in first-class cases." (Hurd's Stat. 1917, p. 926.)

The words "service of summons, practice and proceedings," used in said sections, are broad enough in meaning to cover the entire process of issuing, executing and returning of summons, and even the form of the summons. In other words, said sections prescribe fully for the issuing of the summons in forcible detainer suits and its form and manner of service and return, all of which are the same as in other fourth-class cases by the provisions of this statute. This court has held where our Practice act provided

that the practice and pleadings in attachment suits, except as otherwise provided, shall conform, as near as may be, to the practice and pleadings in other suits at law, that the word "practice," as there used, includes the mode of serving *mesne* process and the mode of executing final process. (*Union Nat. Bank of Chicago* v. *Byram,* 131 Ill. 92.) Section 10 of our Ejectment act provides that "the rules of pleading. and practice in other actions shall apply to actions of ejectment, so far as they are applicable and except as is otherwise provided." This court held that the word "practice," in that section, applied to and included the time and mode of issuing and returning final process in ejectment suits. *Wilson* v. *Trustees of Schools,* 138 Ill. 285.

The description of the property in this case is ample to identify and locate it, which is all that is required to make a good description. (*Stevens* v. *Wait,* 112 Ill. 544; *Mason* v. *Merrill,* 129 id. 503.) The description in the complaint is not indefinite or insufficient. Real property is often described in this manner, and it is well understood when the house number and the street, city, county and State are given of a piece of property, that such description includes the building, and the lot on which it is situated, while the building exists, and the lot, only, after the building is destroyed. The building was destroyed and the property sought to be recovered was not the specific property leased to appellant, but the whole lot which the building had occupied. The destruction of the building and the number thereon did not destroy or make inapplicable the description of the property by which it was known. Appellant himself in testifying described it in the same manner. The written lease was introduced in evidence, and recites that the property at 4708 South Ashland avenue is in Chicago, Cook county, Illinois. Appellant in his testimony described the property "referred to in the lease" as "the three-story brick building known as 4708 South Ashland avenue." The

evidence shows clearly that the property is in Cook county, in the State of Illinois, and that it is known by the description found in the complaint.

The court properly found in favor of appellee, and the judgment should be and is affirmed.   *Judgment affirmed.*