Ben Meyer, Appellee, v. Morris Ratsky, Appellant.

Gen. No. 35,467.

Opinion filed December 28, 1931. Rehearing denied January 11, 1932.

JOHN C. GEKAS, for appellant.

CHURCH, TRAXLER & KENNEDY, for appellee; DEAN LAKE TRAXLER and LEN YOUNG SMITH, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

On May 9, 1931, plaintiff Meyer filed a complaint in forcible detainer in the municipal court of Chicago against defendant Ratsky. There was a trial by the court without a jury, a finding that defendant unlawfully withheld possession of the premises, the right to which was in plaintiff, and judgment was entered that plaintiff recover the same. Defendant has appealed to this court.

The bill of exceptions shows that there was a motion by defendant to dismiss the suit on the ground that the court had no jurisdiction of the subject matter as shown by the complaint, for the reason that the premises were not described in such manner as to specifically bring the subject matter before the court. There was also a motion by defendant to quash the summons and dismiss the suit for the alleged reason that the complaint did not state specifically that the property was within the jurisdiction of the municipal court *in the First District* where the suit was brought. Defendant contends upon this appeal that these motions should have been granted. He argues in the first place that under the statute a suit in forcible detainer in the municipal court of Chicago must be brought in the district in which the property is located and that the complaint must aver the fact that it is located in the district in order to state a cause of action. Several sections of the Municipal Court Act are cited, and this contention requires a construction of the same.

Section 1 of that act, Cahill's St. ch. 37, ¶ 389 (Smith-Hurd's Ill. Rev. Stats. 1929, chap. 37, sec. 356), provides in substance that the municipal court of Chicago shall be established and that its jurisdiction shall be exercised in the manner thereafter provided. Section 2 of the same act divides the cases of which the municipal court shall have jurisdiction into six different

classes. Among fourth class of cases subdivision "d" of the paragraph names "all actions of forcible detainer" as one of the class. Section 29 of the act, Cahill's St. ch. 37, ¶ 417, Smith-Hurd, ch. 37, sec. 384, provides, "Cases of the fourth class mentioned in section two (2) of this Act shall be brought and prosecuted in the district in which the defendant . . . resides or is found . . . ." Another paragraph of this section provides in substance that the requirement that the defendant, if there be but one defendant, or one of the defendants if there be more than one defendant, must reside or be found within the district in which the suit is brought, shall not apply to certain actions named, attachment or replevin suits, cases of distress for rent, etc., brought against nonresidents of the State. The statute says that such suits may be brought "in any district, when any property of the defendant is levied upon, replevined (replevied) or distrained within such district, or any garnishee resides or is found in such district." The statute adds, "Nor shall it apply to forcible entry and detainer suits in which the defendants do not reside or cannot be found within the city of Chicago, which suits may be brought in any district in which the property, the possession of which is sought to be recovered, is situated, and notice may be given by publication in the manner prescribed by this Act." The section further provides that when it is made to appear to the court upon the complaint of any defendant that a suit has been improperly brought therein, the court shall not be required on that account to dismiss the suit, if the municipal court in any district could properly have jurisdiction thereof, but that in such case the court may cause the suit to be transferred to the proper district and the court in that district shall then proceed as if the same had been originally commenced in that district.

As we read this statute, a defendant in a forcible entry and detainer suit may, where the property in controversy is situated in the City of Chicago, be sued in any district where the defendant resides or may be found, and where the defendant cannot be found or is a nonresident, the suit may be brought in the district in which the property is located. In a case, then, where, as it here appears, defendant is found within the City of Chicago, the court has jurisdiction to proceed in any district where defendant has been found and may enter a valid judgment for the possession of the premises without regard to whether the same are situated in the district.

Defendant has cited a large number of cases to the propositions that an action in forcible detainer is a local action in its nature; that the right to sue for possession in the municipal court is purely statutory, and that the rights granted under the statute are to be strictly construed. It is unnecessary to review these cases because all the propositions are conceded. The only question here is to determine by proper construction the intention of the legislature in the enactment of the statute, and we think the construction must be as above stated.

Defendant, however, further contends that the complaint is insufficient in that it failed to fully and properly describe the premises concerning which the suit was brought.

The venue in the case is as follows:

"State of Illinois ⎫
City of Chicago ⎬ ss.
First District ⎭

The Municipal Court of Chicago."

The complaint states that Meyer, plaintiff, complains that he "is entitled to the possession of the following described premises in said City, to-wit: Automobile

Service Station located at the Northeast corner of West Jackson Boulevard, also known as No. 918 West Jackson Boulevard." The same description of the premises appears in the summons which was served upon defendant, and the judgment of the court is that "the plaintiff have and recover of and from the defendant, Morris Ratsky, possession of the premises described in the complaint herein, known as Automobile Service Station, 918 West Jackson Boulevard, and that a writ of restitution issue therefor."

We think that under well considered decisions the description is sufficient. In the case of *Cairo & St. Louis R. Co. v. Wiggins Ferry Co.*, 82 Ill. 230, it was contended that in a suit of this character the premises were not described with reasonable certainty, but the court said: "Any description by which the premises could readily be identified and located, is all that could be required. That has been given, and we consider it sufficient."

In *Szulerecki v. Oppenheimer*, 218 Ill. App. 508, affirmed in 299 Ill. 68, a description substantially similar to that in this case was held to be sufficient. It is unnecessary to review at length cases which are cited to the contrary, since the descriptions in those cases are not at all similar.

It is next urged that the proof shows plaintiff to be without standing to maintain this suit. It appears that plaintiff and his partner, Waggoner, were lessees of these premises from the original lessors, Goldschmidt et al., and that the lease from plaintiff under which defendant entered was for the full term of these original leases; that Waggoner consented to the lease made to defendant; and it is strenuously urged that the effect in law was to divest plaintiff of any reversionary interest, merge the lease from him to defendant with the leases from Goldschmidt et al., the original lessors, and render defendant liable to Goldschmidt et

al., as assignees. It is urged that therefore Goldschmidt et al., not Meyer, is the proper plaintiff.

The contention is a novel one, namely, that at the very moment the lease to defendant was executed it passed out of existence by merger in the original leases, leaving plaintiff without any rights against defendant thereunder. Defendant cites a large number of cases: *Sexton v. Chicago Storage Co.,* 129 Ill. 318; *Springer v. Chicago Real Estate Loan & Trust Co.,* 202 Ill. 17; *Taylor v. Marshall,* 255 Ill. 545; *Lyon v. Moore,* 259 Ill. 23. These cases all sustain the general rule as stated by Taylor on Landlord and Tenant, 7th ed. 109, notes, 16, n.5, and quoted with approval in the *Sexton* case:

"The effect, therefore, of a demise, by a lessee, for a period equal to or exceeding his whole term, is to divest him of any reversionary right, and render his lessee liable, as assignee, to the original lessor; but, at the same time, the relation of landlord and tenant is created between the parties to the second demise, *if they so intended.*"

The lengthy writings which are here in evidence show that there was no intention by the parties to destroy the relation of landlord and tenant created by the lease between plaintiff and defendant. Indeed, the assignment of it was made conditional upon the performance of certain conditions which it does not appear have been performed. We do not doubt the effect of this sublease was to make defendant liable to the original lessors at their option for the rent, but it does not follow that defendant could in an action of this kind deny his landlord's title. That rule is so thoroughly established that it is unnecessary to cite authorities.

The judgment of the trial court will be affirmed.

*Affirmed.*

O'CONNOR, P. J., and McSURELY, J., concur.