**Leander Hamilton McCormick et al., and Robert H. McCormick, Trustee of will of R. Hall McCormick, Deceased, Appellants, v. Edward F. Brennan, Appellee.**

### Gen. No. 26,942.

1. LANDLORD AND TENANT—*when premises not leased for illegal purposes.* In an action upon a lease, a plea that the premises were leased to defendant for the purpose of conducting a saloon and dramshop, and for no other purpose whatsoever, and that State and federal laws thereafter prohibited the sale of intoxicating liquors and the conducting of a dramshop, was bad on special demurrer showing that, by the terms of the lease, the premises were leased for a buffet and for no other purpose.

2. WORDS AND PHRASES—*"buffet."* A "buffet" is a public place for lunch or light refreshments.

3. INTOXICATING LIQUORS—*what is "dramshop."* A "dramshop" is a place where liquors are sold.

4. INTOXICATING LIQUORS—*saloon as not necessarily place where liquors are sold.* A saloon is not necessarily a place where intoxicating liquors are sold.

5. LANDLORD AND TENANT—*when plaintiff in action on lease not required to crave oyer of lease.* In an action upon a lease, it is unnecessary for plaintiff to crave oyer of the lease when it is set up in the previous pleadings.

6. LANDLORD AND TENANT—*how surrender of lease by tenant and acceptance by landlord may be effected.* A surrender of a lease by a tenant and its acceptance by the landlord may be by oral agreement.

7. LANDLORD AND TENANT—*construction of plea in action for rent.* In an action for rent due under a lease, a plea which sets up

that the last assignment of the lease was made against defendant's express wishes; that plaintiffs nevertheless allowed and permitted the assignment to be made; that the assignee entered into possession and remained therein as the tenant of the plaintiffs; and that defendant was then and there released from the obligations of the covenant, amounts to an averment that the last assignee was, by agreement, substituted and accepted in place of the former tenants.

8. LANDLORD AND TENANT—*what releases lessee from obligation to pay rent*. An agreement by a landlord to the substitution of an assignee of the lease in place of the former tenants will release the original lessee from his obligation to pay rent.

9. LANDLORD AND TENANT—*when surrender of lease may be by oral agreement*. Although a lease is under seal, it may be surrendered by oral agreement of the parties.

Appeal from the Circuit Court of Cook county; the Hon. HARRY B. MILLER, Judge, presiding. Heard in this court at the March 'term, 1921. Affirmed. Opinion filed January 23, 1922. Rehearing denied February 6, 1922.

WILLIAM BEEBE, for appellants.

KELLY, BURNS, DALY & FITZGERALD, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Plaintiff appellants sued the defendant below in an action of assumpsit to recover rent under the terms of a written lease. The declaration is in three counts. In the first count the written lease is set up *in hæc verba*. The demise was for a term of 10 years, and it is alleged that the defendant entered into possession under the lease, and was in possession from May 1, 1910 until January 16, 1913; that on that date defendant assigned his lease with the consent of plaintiffs. The assignment and consent are each set out *in hæc verba*. The count also alleges that the rent for January, February, March and April, 1920, with interest, is due and unpaid. The second count is the same as the first, with the exception that the lease is made a part thereof by reference, and there are

no allegations in regard to the assignment. The third consists of the common counts. Attached to the declaration is a copy of the account sued on, and an affidavit as to the execution of the lease, and another affidavit as to the amount due.

To this declaration the defendant filed four pleas; first, the general issue to which a *similiter* was filed; second, the plea of release, to which the plaintiff replied *non est factum*. The third plea alleged the leasing of the premises to be occupied by the affiant "for a buffet, and for no other purpose whatsoever"; that defendant entered into possession and continued therein until the 16th day of January, 1913, when the lease was assigned with the consent of the lessor. That November 8, 1913, said lease was again assigned with the lessor's consent; that the assignee entered into possession of the premises and remained therein until December 19, 1916, "when without the knowledge or consent of the defendant, and against his express wishes and desires, the plaintiff permitted and allowed the said Hugo J. Schmidt to assign said lease to Claude Lanning, who entered into possession of said premises and remained therein from December 1, 1916, as the tenant of the plaintiff, and the defendant was then and there thereby released from all liability under the covenants of said lease."

The fourth plea alleged that the premises were leased to the defendant "for the purpose of conducting a saloon and dramshop, and for no other purpose whatsoever." That by statutes thereafter enacted prior to July 1, 1919, the laws of the State of Illinois and of the United States prohibited the sale of intoxicating liquors and the conduct of a dramshop in said premises; that by virtue of these statutes and by operation of law said lease became void and unenforceable, and the defendant was not, therefore, indebted to the plaintiffs under the provisions or covenants contained in the lease.

To these third and fourth pleas the plaintiffs filed a general demurrer, and as to the fourth plea set up as special cause for demurrer that "it appears from the pleadings that said plea is false in that the lease set forth in the declaration shows that the premises were leased for a buffet and for no other purpose, and the plea avers that the premises were leased to the defendant for the purpose of conducting a saloon and dramshop, and for no other purpose whatsoever, etc."

The demurrers both as to the third and fourth pleas were overruled. The plaintiff elected to stand by the demurrers, whereupon the court entered judgment that the defendant go hence without day, and entered judgment for costs in favor of the defendant.

The error relied upon and argued is that the court overruled the demurrers, and that it entered judgment against the plaintiff. The fourth plea was bad for the reason set up in the special cause for demurrer. The lease was set up in the pleadings, and showed that the premises were to be used for a buffet. According to the Century Dictionary a "buffet" is a public place for lunch or light refreshments; a "dramshop" is a place where liquors are sold. 10 Amer. and Eng. Encyc. of Law 261.

It was unnecessary for plaintiff to crave "oyer" of the lease, because it was set up in the previous pleadings. Chitty (11th Amer. Ed.), vol. 1, p. 432. Moreover, the fourth plea alleges that the premises were leased to be used as a saloon, and a saloon is not necessarily a place where intoxicating liquors are sold. *Brewer & Hofmann Brewing Co. v. Boddie*, 181 Ill. 622; *Kitson v. Ann Arbor*, 26 Mich. 325. The demurrer to the fourth plea should, therefore, have been sustained.

But the third plea went to the right of the plaintiff to recover under any circumstances, and, if good, the plaintiff could not recover. The case, therefore, turns on the validity of the third plea. The appellant con-

tends this plea is bad. He says that a series of assignments of the estate of a lessee, although consented to by the lessor, will not release the lessee from his covenant under seal to pay rent. We do not question this to be the law. It is so stated in *Staines v. Morris,* 1 Vesey & B. 8 (35 Reprint Eng. Rep. 11), where Lord Chancellor Eldon said:

"It is clear that where a lessee covenants that he * * * will pay the rent and perform the covenants, though he parts with the possession, and though many subsequent assignments have taken place, he remains, in the case of an express covenant, at least, liable during the whole term."

So also is the law stated in *Smith v. Harrison,* 42 Ohio St. 180; *Creveling v. DeHart,* 54 N. J. L. 338. In *Barnes v. Northern Trust Co.,* 169 Ill. 118, it is said:

"Although a landlord may have given his consent to an assignment by the lessee, and accepted the assignee as his tenant, and received rent from him, yet the lessee is not released from his express covenant to pay rent, unless the landlord has accepted the surrender of the lease, and released him."

But the third plea, we think, alleges more. We think it amounts to an averment of surrender by the tenant, and acceptance of the surrender by the landlord. Such a surrender and acceptance need not necessarily be in writing. An oral agreement is sufficient. The plea sets up that the last assignment was made against defendant's express wishes; that plaintiffs allowed and permitted the assignment, nevertheless, to be made; that the assignee entered into possession and remained therein as the tenant of the plaintiffs; that the defendant then and there was released from the obligations of the covenant. We do not regard this averment that defendant was released, when considered in connection with other averments in the plea, a mere conclusion of law. On the contrary, we think, taking the whole plea into consideration, it amounts to an averment that the last assignee was, by agree-

ment, substituted and accepted in place of the former tenants. Such an agreement would release defendant from his obligation to pay rent. Although the lease was under seal, it might be surrendered by verbal agreement of the parties. *Baker v. Pratt*, 15 Ill. 568. Such an agreement may also be inferred from the conduct of the parties. *Fry v. Patridge*, 73 Ill. 51; *Dills v. Stobie*, 81 Ill. 202; *Williams v. Vanderbilt*, 145 Ill. 246.

We think the averments of this plea raised a material issue of fact. The plaintiff elected to stand by his demurrer to a plea, which, if true, was a good defense to the action. Judgment was, therefore, properly entered against him for costs, and it will be affirmed.

*Affirmed.*

DEVER, P. J., and McSURELY, J., concur.