C. N. H. F., INC., a Corporation, *Plaintiff in Error*, v. EAGLE CREST DEVELOPMENT COMPANY, a Corporation, *Defendant in Error*.

En Banc.

Opinion filed May 30, 1930.

*Carey & Askew,* for Plaintiff in Error;

*H. W. Holland,* for Defendant in Error.

MATHEWS, Commissioner:

Plaintiff in error filed its affidavit in distress for three months' rent payable in money under a written lease. Defendant in error filed its affidavit denying that the rent or any part thereof claimed was due. Trial by jury was waived. The court, after hearing the evidence, entered judgment for defendant.

Fergusson, the owner of the demised premises, entered into a written lease with one Scott, for a term commencing December 10, 1925, and ending December 10, 1932, at a certain specified rental payable monthly. This lease contained a covenant for re-entry for non-payment of the rent and for surrender of the premises at the expiration of the term.

Scott, with the consent of Fergusson, by instrument, in form a lease, assigned the original lease to the defendant. In the assignment, executed by Scott and defendant, the defendant assumed and agreed to pay the owner the rental specified in the original lease and to carry out the terms and conditions of the original lease and also to pay Scott an additional rental at stated intervals. Defendant en-

tered upon the demised premises and paid rent therefor until the time of the defaults sued for. The plaintiff by deed acquired the legal title and the reversionary interest of Fergusson in the demised premises before breach.

The evidence is sufficient to support recovery for the $1,500.00 rent sued for.

It is contended, the instrument executed by Scott and defendant was an assignment and not a sublease; and that defendant, as assignee of the term, became liable to the plaintiff for rent.

The assignment contains words of demise and a covenant for re-entry by Scott for non-payment of rent. The assignment is for the same term as the original lease and contains no express covenant for surrender of the demised premises at the expiration of the term.

An assignment by a lessee transfers his entire interest in the demised premises or a part thereof for the unexpired term of the original lease. 16 R. C. L. 824.

The form of an assignment of lease is immaterial, its character in law being determined by its legal effect. 16 R. C. L. 824.

As regards the original lessor or his grantee of the reversion, the criterion for determining whether a transfer in the form of a lease constitutes an assignment or a sublease is whether the entire interest in the term is transferred without a reversion being retained by the original lessee. 16 R. C. L. 825.

Where the lessee assigns his whole estate without reserving to himself a reversion therein, a privity of estate is at once created between the assignee and the original lessor and the latter has a right of action directly against the assignee upon breach of the covenant to pay rent. Sexton v. Chicago Storage Co., 129 Ill. 318, 21 N. E. R. 920, 16 A. S. R. 274; Dunn v. Barton, 16 Fla. 765.

If a lessee transfers all his estate to another, the transfer is not converted into a sublease by the use of words of demise and reservation of a new and different rent and the right to re-enter for non-payment of rent. Sexton v. Chicago Storage Co., *supra.*

The right to enter for breach of a condition subsequent is not a reversion and is not an estate in land. Sexton v. Chicago Storage Co., *supra.*

The relation of landlord and assignee of the term result from privity of estate and when the original lessee has divested himself of his entire term and thus ceased to be in privity of estate with the original landlord, the person to whom he transmits that entire term must necessarily be in privity of estate with the original landlord, and hence liable as assignee of the term. Sexton v. Chicago Storage Co., *supra;* Dunn v. Barton, *supra.*

The instrument executed by Scott and the defendant transferred all of the original lessee's estate to the defendant and left no fragment of the term for surrender to the original lessee and operated as regards the parties to this cause, as an assignment and not as a sublease.

The conveyance of the reversion to plaintiff and the assignment of the original lease to the defendant, brought the plaintiff in privity with the defendant and entitled plaintiff in this proceeding to enforce the covenant for rent. 16 R. C. L. 643.

It becomes unnecessary to discuss the question of privity of contract resulting from assumption of, and agreement by defendant to pay, the rental provided in the original lease.

This cause is reversed with directions to the court below to enter judgment for the plaintiff not inconsistent with this opinion for the rental sued for.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the court below should be, and the same is hereby reversed with directions to the court below to enter judgment for the plaintiff not inconsistent with this opinion for the rental sued for.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.