**TRUST CO. OF GEORGIA v. WHITEHALL HOLDING CO.**

No. 6152.

Circuit Court of Appeals, Fifth Circuit.

Nov. 20, 1931.

Morris Brandon, John A. Hynds, and Walter S. Dillon, all of Atlanta, Ga., for Trust Co. of Georgia.

Robt. C. Alston and Philip H. Alston, both of Atlanta, Ga., for Whitehall Holding Co.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment allowing the claim of appellee filed in the bankruptcy proceedings of the Chamberlin-Johnson-Dubose Company. There is no dispute as to the material facts, which are these:

On August 14, 1916, the Whitehall Holding Company, hereafter called the landlord, entered into a contract with the Chamberlin-Johnson-Dubose Company, hereafter called the tenant, whereby it leased certain premises in the city of Atlanta, known as Nos. 92, 94, and 96 Whitehall street, for the term of 20 years, beginning September 1, 1916, the rent progressively increasing until the termination of the lease. The tenant contemplated using the property in connection with an adjoining building as one store. The contract provided that the tenant might tear down the existing building and reconstruct it, the landlord agreeing to execute a mortgage on the realty to secure a loan for that purpose, which loan with interest was to be paid by the tenant in yearly installments, the building at the termination of the lease to be the property of the landlord. The tenant agreed to make certain changes in the building, at the expiration of the lease, at its own expense, to restore it in good condition as a separate store. As a part of the rent, the tenant agreed to pay all taxes on the property. The contract contained clauses voiding the lease in the event of bankruptcy and giving an immediate right of action for damages upon default of the obligation to pay the loan indebtedness.

The tenant was adjudicated bankrupt on May 24, 1930. On final hearing before the court, the landlord's claim was allowed as to the following items: City taxes for the year 1930, $5,544.68; balance of loan with

interest, $52,500; · for the construction of a partition wall, $5,820; for making other changes, repairs, and restorations of the property, $32,135; for an architect's fee, $2,277.30. The decree was silent as to the state and county taxes for 1930, and must therefore be construed as having rejected that item. No question is raised as to the correctness of the amounts allowed by the judgment.

Appellant contends that the court erred in holding that the obligations upon which the claim is based grew out of independent covenants; that the consideration for the entire contract was the use and occupancy of the building; and that the entire claim of the landlord must be considered as rent, and therefore not provable in bankruptcy. The landlord has filed a cross-appeal on the ground that the state and county taxes for 1930 should also have been allowed.

■ It may be conceded that rent accruing after the adjudication, in the absence of a lien, is not a debt provable in bankruptcy. This disposes of the cross-appeal. By the terms of the agreement taxes to be paid by the tenant constituted a part of the rent. There is no doubt that the state and county taxes for 1930 had not been assessed and were neither due nor payable at the time of adjudication.

■ On the main appeal we agree with the District Judge that the contract, although mainly one of lease, was separable; and that the agreements to pay the loan on the building and to make the alterations necessary to restore it at the termination of the lease were independent and distinct covenants. Under the terms of the contract, bankruptcy was a breach, and therefore the damages accrued and were provable. Central Trust Co. v. Chicago Auditorium, 240 U. S. 581, 36 S. Ct. 412, 60 L. Ed. 811, L. R. A. 1917B, 580.

The record presents no reversible error.

Affirmed.