## ORR et al. v. NEILLY.
### No. 6992.

Circuit Court of Appeals, Fifth Circuit.

Nov. 7, 1933.

William A. Fuller and Douglas M. Orr, both of Atlanta, Ga., and D. C. Webb, of Knoxville, Tenn., for appellants.

Marion Smith and Clarence H. Calhoun, both of Atlanta, Ga., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal from an order in bankruptcy in which it was held that the claim of appellants was not provable against the estate of the Lane Drug Stores, Inc., bankrupt. The claim grows out of a lease of the premises occupied by the bankrupt prior to bankruptcy, executed in 1922 for a term of 50 years.

The owner of the premises reserved a rental of $600 per month, with the usual right of re-entry in case of default. In 1923 the original lessee transferred the lease in consideration of the payment by the transferee of the $600 per month rent to the owner, and also of the payment to him of the additional sum of $250 per month, also designated as rent, during the life of the lease. The transfer provided that, if the transferee "should make default or fail to perform any of the terms and provisions of the lease aforesaid, or any of the terms and provisions in this assignment of said lease, this assignment of said lease shall at once terminate and the parties of the second part shall be liable to the parties of the first part for all unpaid rent, specified and provided for in the lease aforesaid and the assignment of said lease." This leasehold estate by mesne conveyances passed in 1928 to the Lane Drug Stores, so that it was obligated to pay both the original rent reserved by the owner and the $250 in addition reserved by the first lessee. The right to this additional sum of $250 per month was acquired by appellants in 1928 and held by them when they presented their claim to the bankruptcy court. After the original lease was entered into, the owner mortgaged the premises and the mortgage has been foreclosed. The Lane Drug Stores defaulted on its obligations to pay under both the original lease and the transfer; and appellants failed to keep the original lease alive by paying the rent therein reserved, with the result that they are without remedy unless they have the right to prove their claim against the estate of the bankrupt. The ground of the district court's decision is that the claim of appellants is for future rent, and that such a claim is not provable in bankruptcy. Appellants contend (1) that, assuming the general rule to be that future rents accruing after bankruptcy are not provable against the estate of a bankrupt, nevertheless their claim ought to be recognized because they are without remedy except in the bankruptcy court; and (2) that their claim is not one based on rent "in the usual meaning of the term."

Under section 63 of the Bankruptcy Act, 11 USCA § 103, claims for future rent are not provable in bankruptcy. In re Roth & Appel (C. C. A.) 181 F. 667, 31 L. R. A. (N. S.) 270; Slocum v. Soliday, 183 F. 410; Britton v. Western Iowa Co. (C. C. A.) 9 F.(2d) 488, 45 A. L. R. 711; Trust Co. of Ga. v. Whitchall Holding Co. (C. C. A.) 53 F.(2d) 635. It is not thought that such claims are made provable by section 74 of the amendment to the act adopted March 3, 1933, 11 USCA § 202, as apparently that amendment has reference only to composition and extension proceedings brought under it. Whatever the reason for the rule, it is one of general application. In our opinion, the facts disclosed in this case do not afford a sufficient reason for departing from it, if that may ever be done. Appellants acquired their interest in the lease subject to the loss of it by default in payment of the rent reserved by the owner. They could have protected that interest by themselves paying the rent, since the lease antedated the mortgage. It was their business to keep the lease from being in default. The result is that their interest was lost, not only because of the default of the bankrupt, but also because they too were in default.

We are of opinion also that their claim was for future rent. The transfer under which they assert their rights designated the additional payment of $250 per month as rent, and provided that both the original lease and the transfer or assignment of it should terminate upon default in the payment of any rent whether reserved by the original lease or by the initial assignment. While the designation of the additional payment of $250 per month as rent is not conclusive, it is a strong indication of the intention of the parties, as is also the provision for the termination of the lease, which was but another way of saying that the original lessee had the right of re-entry. The reason for the last-named provision is plain; it was to restore to the lessee his rights under the original lease. The clear intention of the parties to the transfer was to create an additional rental, and an effective method of doing that was to transfer an estate in the land for a term of years, reserving a rental charge. Although as to the original landlord the transfer from the original lessee may be an assignment, as between the original lessee and his lessee or transferee, the relation of landlord and tenant is created if the parties intend a lease. Stewart v. Long Island R. R. Co., 102 N. Y. 601, 8 N. E. 200, 55 Am. Rep. 844. And it is generally true that whether the relationship of landlord and tenant is created depends almost entirely upon the intention of the parties. Taylor, Landlord and Tenant (9th Ed.) § 16; Sexton v. Chicago Storage Co., 129 Ill. 318, 21 N. E. 920, 16 Am. St. Rep. 274; Davidson v. Minn. Loan & Trust Co., 158 Minn. 411, 197 N. W. 833, 32 A. L. R. 1418; Potts-Thompson Liquor Co. v. Potts, 135 Ga. 451, 69 S. E. 734. We are unable to say that the trial court erred in refusing to allow appellants to prove their claim.

The order appealed from is affirmed.