Henry F. Amelong and Anna M. Amelong, Appellants, v. Robert E. Peacock and Walter C. Peacock, Appellees.

Gen. No. 37,533.

Opinion filed December 19, 1934. Rehearing denied January 9, 1935.

WILLIAM J. McGAH, of Chicago, for appellants.

DAVIS & KRACKE, of Chicago, for appellees; CHARLES R. SERCOMB and THOMAS S. DOUGHERTY, both of Chicago, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

Henry F. Amelong and Anna M. Amelong, the plaintiffs, on April 12, 1921, leased certain premises in the City of Chicago from Robert E. Peacock and Walter C. Peacock, as agents and trustees, defendants herein. The term of the lease was for 10 years, running from May 1, 1921 to April 30, 1931 and the rental was $1,000 per month, payable in advance. By the terms of the lease plaintiffs were to deposit $4,000 with the owners, which was to be deemed and taken to operate as payment for and on account of the last four months of the term of the lease. The Amelongs, the lessees, at the time of the execution of the lease deposited $2,500, but failed to pay the additional $1,500 as provided in the lease. Lessees entered upon and remained in possession of the premises until the 5th day of October, 1925, and paid the rent in full up to and until that date, at which time they entered into a written agreement with one Abe Bernstein whereby the remainder of the leasehold was demised to said Bernstein, which was consented to by the defendants in writing, and thereupon Bernstein entered into the possession of the premises.

December 20, 1927, Bernstein executed a written assignment of all his right, title and interest to one Nate Jacobs and this assignment was consented to by the owners of the premises in writing dated December 20, 1927. In May, 1928, Jacobs executed a written assignment of his interest in the lease to one Morris Panijel who accepted the assignment in writing and entered into possession of the premises. This assignment from Jacobs to Panijel was made with the

knowledge of the owners and they subsequently accepted rent from him as the tenant. The rent for the last three months of the term, and while Panijel was in possession, was not paid. This rent amounted to the sum of $3,000.

The foregoing facts were stipulated to by the parties and the lease and assignments thereof were introduced in evidence.

Plaintiffs brought this, action to recover the $2,500 originally deposited with the owners. Their claim is based upon the proposition:

First, that the defendants in their dealings with Panijel, by consenting to his occupation of the premises and receiving the rent therefor, released plaintiffs from their obligation under the lease; and

Second, that at the time Bernstein sublet the premises to Jacobs they, the plaintiffs, consented to such assignment in writing with a provision therein "that no further assignment of said lease or sub-letting of the premises should be made without the written consent of the plaintiffs."

To the claim of the plaintiffs, defendants filed a set-off in which they claimed that the rent for the last three months of the term of the lease not having been paid, they were entitled to a judgment for the rent during that period. The cause was tried by the court without a jury upon a stipulation of the facts and on written documents, and the court found that the defendants were entitled to retain $2,500 deposited as rent for the latter part of the term, and were entitled to $500 additional, and entered judgment for $500 in favor of the defendants on their set-off, from which judgment this appeal has been taken.

It may be stated as a general proposition of law that where an original lessee makes an assignment of his lease he is not thereby released from the payment of the rent covenanted by him to be paid, but still remains liable therefor. The assignee of the lease be-

comes liable on the same covenants because of his privity of estate, and because the covenant to pay rent runs with the land, and the original landlord may sue either the original lessee or the assignee, upon such covenant. *Sexton v. Chicago Storage Co.,* 129 Ill. 318.

After the transfer from the plaintiffs to Bernstein there no longer existed a privity of estate between the plaintiffs and the defendants, but by the assignment and acceptance of rent by the owners from Bernstein a privity of estate was created between the defendants and Bernstein, the assignee. The relation then existing between the plaintiffs and the defendants after the execution of the assignment of the lease to Bernstein was that based upon privity of contract. The plaintiffs were still liable under their agreement for rent. *Taylor v. Marshall,* 255 Ill. 545.

The acceptance of rent from an assignee of the lessee does not discharge the original lessee. The contract of the latter continues in force. *Grommes v. St. Paul Trust Co.,* 147 Ill. 634. In order to release the lessee after an assignment by him of his interest in the lease, there must be a release by the lessor or an agreement to absolve the lessee from his obligation.

We are referred to the case of *McCormick v. Brennan,* 224 Ill. App. 251, in support of the proposition that such a release may be inferred from the conduct of the parties. We have no quarrel with this pronouncement. The Supreme Court, however, in the case of *Grommes v. St. Paul Trust Co.,* 147 Ill. 634, says that in order to absolve the lessee it must appear that there was a clear intent to discharge the lessee from further liability.

In the case of *Barnes v. Northern Trust Co.,* 169 Ill. 112, the court sustained an instruction given in the case as follows: " . . . although a landlord may have given his consent to an assignment by the lessee, and accepted the assignee as his tenant, and received rent from him, yet the lessee is not released from his ex-

press covenant to pay rent, unless the landlord has accepted the surrender of the lessee and released him.'' The same rule applies when the assignee of the lease again assigns his interest in the lease to another. The acceptance of rent from the new tenant neither releases the original lessee nor his assignee under the lease. The case of *McCormick v. Brennan, supra,* relied upon by plaintiffs, is not in conflict with this rule, but held that upon demurrer the allegation of the declaration sufficiently charged a surrender of the lease by the lessee in that case and its acceptance by the lessor. The fact that Bernstein assigned to Jacobs and Jacobs to Panijel and Panijel entered into possession and continued to pay the rent, did not release the original lessees even though the defendant accepted rent from Panijel and knew that he was in possession. The fact is that every month Panijel paid rent it lessened the financial obligation of the plaintiffs.

It is insisted, however, that on the 20th day of December, 1927, at the time Bernstein sublet to Jacobs, the plaintiffs consented to the assignment on the express condition that the assignor should remain liable for the prompt payment of rent and that no further assignment of said lease or subletting of the premises should be made without the written consent of the plaintiffs. We regard this restriction as one between the lessee and his assignee and for the benefit of the lessee alone. It is not binding in our opinion upon the original owners and lessors. The right of action, if any, of the plaintiffs would be under this agreement with Bernstein and Jacobs and against them or either of them. The owners of the premises were not concerned with what was done between the lessee and his assignees with reference to the tenancy of the premises so long as the rent was paid and the covenants of the lease not violated. Any agreements between them, however, could not be binding upon the lessor. The provision found in the consent of the Amelongs to the

assignment of the lease from Bernstein to Jacobs, which provided that there should be no further assignment, was for the benefit of the Amelongs and they would have their right of action, if any, for the violation of the agreement against the assignees of the lease if any contractual rights were violated. As a general rule a covenant or clause in a lease, to the effect that the lessee will not assign, is for the benefit of the lessor alone. He may waive it if he will, but if he does not set it up, no one else can use it against him. *Sexton v. Chicago Storage Co.*, 129 Ill. 318.

The provision for the nonassignment by Jacobs was for the benefit, in this instance, of the lessee and not the lessor.

The judgment of the circuit court was proper and, for the reasons expressed in this opinion, is affirmed.

*Judgment affirmed.*

HEBEL, P. J., and HALL, J., concur.