718 So.2d 892 (1998)
The ESTATE OF Phil BASILE, Appellant,
v.
FAMEST, INC., a Florida corporation, Appellee.
No. 98-1525.
District Court of Appeal of Florida, Fourth District.
September 16, 1998.
Rehearing and Clarification Denied October 28, 1998.
Martin A. Feigenbaum, Miami, for appellant.
William F. Leonard, of Leonard & Morrison, Ft. Lauderdale, for appellee.
POLEN, Judge.
The Estate of Phil Basile ("Estate") appeals from a partial final judgment which found the Estate liable on a guaranty which, prior to his death, the decedent had executed. The decedent, a stockholder in BT Entertainment, Inc. ("BT"), executed the guaranty in connection with a commercial lease agreement between BT and the landlord of the subject property, Famest, Inc. ("landlord"). The guaranty expressly limited the decedent's personal liability to defaults occurring during the first two years of the original lease (through November, 1995), or the first three years of any "approved sublease." It also provided that the tenant had no right to assign the premises without the prior written consent of the landlord.
On April 29, 1996, the landlord consented in writing to BT's "assignment" of its rights and interest under the lease; however, the consent expressly stated that the landlord did not release BT from liability under the lease. On May 9, 1996, BT assigned all of its rights and interests under the lease to another corporation, LM of Ft. Lauderdale, Inc. ("LM"). Thereafter, LM defaulted under the lease.
The landlord subsequently sued the Estate based on the personal guaranty signed by the decedent. At trial, the Estate argued that, because the May 9, 1996 transfer of the lease to LM was, in fact, an assignment and not a sublease, the guaranty, by its own terms, terminated in November, 1995. The trial court disagreed, found the decedent remained liable under the guaranty after BT's transfer of the subject lease to LM, and awarded damages to the landlord.
The test between an assignment and a sublease is whether the lessee transfers his entire interest in the property; if no reversionary interest is retained, the transaction is considered an assignment. 34 Fla. Jur.2d Landlord & Tenant § 84 (1982); see, generally, Tollius v. Dutch Inns of America, Inc., 244 So.2d 467, 471 (Fla. 3d DCA 1970) (a sublease is for less than the balance of the term of the basic lease); C.N.H.F., Inc. v. Eagle Crest Dev. Co., 128 So. 844, 845 (Fla. 1930)(an assignment by a lessee transfers the *893 unexpired term of the original lease). Because BT transferred all of its rights and interest in the property to LM in May, 1996, the transfer was, in fact an assignment, and not a sublease. As such, the guaranty, by its express language, terminated in November, 1995, relieving the decedent of any liability in the underlying suit. We, therefore, reverse the partial final judgment, and remand for entry of a judgment in favor of the estate as to this issue.
REVERSED.
DELL and TAYLOR, JJ., concur.