PER CURIAM.
We affirm the dismissal of appellant’s complaint against appellee alleging breach of a lease/sublease agreement. See Estate of Basile v. Famest, Inc., 718 So.2d 892, 892 (Fla. 4th DCA 1998)(a transfer of the entire interest in the term of the lease without a reversion retained by the original lessee is an assignment of a lease rather than a sublease); see also C.N.H.F., Inc. v. Eagle Crest Dev. Co., 99 Fla. 1238, 128 So. 844, 845 (1930)(“[i]f a lessee transfers all his estate to another, the instrument of transfer operates as between the original lessor and the assignee of the term as an assignment and not as a sublease, and this is true even though the instrument is in form a lease, uses words of demise, and reserves a new and different rent and the right to re-enter for nonpayment of rent”). Appellant’s argument that verbal promises can vary the terms of the lease/assignment is barred by the parol evidence rule. See Bird Lakes Dev. Corp. v. Meruelo, 626 So.2d 234, 237 (Fla. 3d DCA 1993); see also Coral Way Properties, Ltd. v. Roses, 565 So.2d 372, 373-74 (Fla. 3d DCA 1990)(applying statute of frauds to bar reliance on verbal assurances regarding sublease). With respect to appellant’s claim of estoppel, see Dimino v. Farina, 572 So.2d 552, 556-57 (Fla. 4th DCA 1990), disapproved on other grounds by, Babcock v. Whatmore, 707 So.2d 702 (Fla.1998).
We reverse, however, the dismissal of the complaint for conversion of personal property and trespass to a chattel, concluding that the allegations of the complaint do not show on their face that appellant was not entitled to relief with respect to its claim that its interest was superior to the appellee’s regarding the personal property seized from the premises by ap-pellee.
WARNER, C.J., KLEIN and TAYLOR, JJ., concur.